LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DIANA HRISTOVA and JOHN DOE,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

       Plaintiffs,

       v.

3321 ASTORIA INC. d/b/a BAREBURGER
and GEORGE RODAS,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, DIANA HRISTOVA and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, 3321 ASTORIA INC. d/b/a BAREBURGER and GEORGE RODAS (together, "Defendants"), and state as follows:

1

# INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages, (2) tips illegally retained by Defendants, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) tips illegally retained by Defendants, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

3. Plaintiff DIANA HRISTOVA further alleges that, pursuant to New York Human Rights Law. N.Y. Exec. Law §296, Plaintiff is entitled to recover from Defendants for a failure to provide reasonable accommodation for a disability: (1) back wages and (2) compensatory damages.

4. Plaintiff DIANA HRISTOVA further alleges that, pursuant to New York City Human Rights Law (Administrative Code of City of NY § 8-107 [15] [a]), she is entitled to recover from Defendants based on their failure to provide reasonable accommodation for a disability: (1) back wages, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

# JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. Plaintiff, DIANA HRISTOVA, is a resident of Queens County, New York.

8. Defendant, 3321 ASTORIA INC. d/b/a BAREBURGER, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 33-21 31st Avenue, Astoria, New York 11103.

9. Defendant, GEORGE RODAS, is the Owner and Chief Executive Officer of 3321 ASTORIA INC. d/b/a BAREBURGER. GEORGE RODAS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. GEORGE RODAS additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs and FLSA Collective Plaintiffs. GEORGE RODAS exercises functional control over the business and financial operations of Defendant 3321 ASTORIA INC. d/b/a BAREBURGER. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that Bareburger is operating efficiently and profitably.

10. At all relevant times, Defendant, 3321 ASTORIA INC. d/b/a BAREBURGER, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

16. In or about June 2015, Plaintiff, DIANA HRISTOVA, was hired by Defendants and/or their predecessors, as applicable, to work as a server for Defendants' "Bareburger" restaurant, located at 33-21 31st Avenue, Astoria, New York 11103.

17. Plaintiff HRISTOVA worked for Defendants until around July 2015. Defendants terminated Plaintiff after she contacted management to return to work after a medical leave and requested a change in her position to accommodate her disability.

18. During Plaintiff HRISTOVA's employment with Defendants, Plaintiff worked two weeks under training and one official week before Plaintiff HRISTOVA was in a car accident. During her employment with Defendants, Plaintiff HRISTOVA typically worked approximately thirty (30) hours per week. Specifically, Plaintiff HRISTOVA worked five (5) days a week for approximately six (6) hours per day. Throughout her employment with Defendants, Plaintiff HRISTOVA was compensated on a straight time hourly rate of $5 per hour, for all hours worked.

19. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool and (iv) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. In addition, Plaintiff HRISTOVA did not receive any of her cash tips earned for the week she worked leading up to her car accident on or about June 21, 2015. As a result, Defendants illegally retained her tips.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

21. Defendants knowingly and willfully operated their business with a policy of providing improper wage statements to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. Plaintiff was also paid entirely in cash during her training and did not receive any wage statements during that period of her employment with Defendants.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

23. Defendants knowingly and willfully operated their business while failing to reasonably accommodate Plaintiff HRISTOVA's disability.

24. On or about June 22, 2015, Plaintiff HRISTOVA notified Defendants that she was the victim of a car accident and requested two weeks of leave from work. Defendants had knowledge of and were aware of Plaintiff HRISTOVA's accident because Defendants told Plaintiff HRISTOVA that she could return to work once she recovered. Two weeks later in July 2015, when Plaintiff HRISTOVA contacted Defendants' managers to return to work, she told Defendants that she was partially disabled and requested a change in position to work as a counter person, instead of as a server. Plaintiff HRISTOVA was trained for both positions. The manager, Jimmy [LNU] ("Last Name Unknown"), told Plaintiff HRISTOVA that she was not healthy to work and that they hired two people and were going to keep the other employees instead. Plaintiff HRISTOVA's disability did not otherwise interfere with her ability to perform her work duties.

25. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

26. Plaintiffs reallege and reaver Paragraphs 1 through 25 of this Complaint as fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendant 3321 ASTORIA INC. d/b/a BAREBURGER, had gross revenues in excess of $500,000.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to tipped employees.

31. At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by retaining a portion of Plaintiffs' tips.

32. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory minimum wage rate for all hours worked when Defendants knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

37. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

38. Plaintiffs reallege and reaver Paragraphs 1 through 37 of this Complaint as fully set forth herein.

39. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

40. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to tipped employees.

41. Defendants willfully violated Plaintiffs' rights by retaining a portion of their tips. In doing so, Defendants willfully deprived Plaintiffs of their lawfully earned wages.

42. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

43. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

44. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, damages representing disgorgement of illegally retained tips, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

### DISCRIMINATION UNDER THE NEW YORK HUMAN RIGHTS LAW
### (FAILURE TO ACCOMMODATE)

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Complaint as fully set forth herein.

46. Plaintiffs are employees and qualified persons within the meaning of New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

47. Defendants willfully violated the New York Human Rights Law by being aware of and failing to reasonably accommodate Plaintiff DIANA HRISTOVA'S request in light of Plaintiff HRISTOVA's disability, as per New York Executive Law §§ 292 and 296.

48. Failure to provide a reasonable accommodation to an employee's known disability is a type of discrimination under the NYHRL. *See* Miloscia v. B.R. Guest Holdings LLC, 928 N.Y.S.2d 905, 912.

49. "Disability" is defined under the NYHRL as a "physical, mental or medical impairment…which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques…[and] which, upon the provision of reasonable accommodations, do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held. *See* Executive Law § 292(21).

50. Furthermore, under New York State law, the purposes of the HRL cannot be achieved if employers do not at least consider the possibility of requests like Plaintiff HRISTOVA's in an "individualized, interactive process." Plaintiff HRISTOVA was and is still capable of performing the core duties of positions she was trained for upon hiring, her request for an accommodation immediately triggered a responsibility on the part of the Defendants to do no less than investigate such possibilities. *See* Philips v. City of New York, 66. A.D.3d 170, 176 (2009). *See also* Jacobsen v. New York City Health and Hospitals Corp., 22 N.Y.3d 824, 837 (2014).

51. In this case Plaintiff HRISTOVA'S physical impairment qualified as a disability under the NYRL. She asked for an accommodation that did not even require Defendants to treat her differently from many of the non-disabled employees in their employ. Plaintiff HRISTOVA requested a change in position, but is and was otherwise capable of performing the same tasks in the same amount of time as other counter persons.

52. Defendants' responded to Plaintiff HRISTOVA's request by terminating her employment at Defendants' Bareburger restaurant, without discussing any form of reasonable accommodations available or providing a reasonable accommodation. Defendants willfully violated the provisions of Executive Law § 296.

53. Due to Defendants' violation of New York Executive Law § 296, the Plaintiff DIANA HRISTOVA is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT IV

**DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**
**(FAILURE TO ACCOMMODATE)**

54. Plaintiffs reallege and reaver Paragraphs 1 through 53 of this Complaint as fully set forth herein.

55. Plaintiffs are employees and qualified persons within the meaning of the New York City Human Rights Law ("NYCHRL") and Defendants are covered employers under the NYCHRL.

56. Defendants willfully violated the New York City Human Rights Law by being aware of and failing to reasonably accommodate Plaintiff HRISTOVA's request in light of her disability, as per New York City Administrative Code § 8-107.

57. Failure to provide a reasonable accommodation to an employee's known disability is a type of discrimination under the NYCHRL. *See* Miloscia v. B.R. Guest Holdings LLC, 928 N.Y.S.2d 905, 912.

58. The NYCHRL defines "disability" as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." *See* Admin. Code § 8–102(16)(a).

59. Under New York City code, the purposes of the HRL cannot be achieved if employers do not at least consider the possibility of requests like Plaintiff HRISTOVA's in an "individualized interactive process." Because Plaintiff HRISTOVA was and is still capable of performing the core duties of positions she was trained for upon hiring, her request for an accommodation immediately triggered a responsibility on the part of the Defendants to do no less than investigate such possibilities. *See* Philips v. City of New York, 66. A.D.3d 170, 176. *See also* Jacobsen v. New York City Health and Hospitals Corp., 22 N.Y.3d 824, 837 (2014).

60. In this case Plaintiff HRISTOVA's physical impairment qualified as a disability under the NYCRL. Plaintiff HRISTOVA asked for an accommodation that did not even require Defendants to treat Plaintiff HRISTOVA differently from the non-disabled employees in their employ. Plaintiff HRISTOVA requested a change in position, but is and was otherwise capable of performing the same tasks in the same amount of time as other counter persons.

61. Defendants' responded to Plaintiff HRISTOVA's request by terminating her employment at Defendants' Bareburger restaurant, without discussing any form of reasonable accommodations available or providing a reasonable accommodation, thus willfully violating the provisions of New York City Administrative Code § 8-107 (15) (a).

62. Due to Defendants' violation of New York City Administrative Code § 8-107 (15) (a), Plaintiff DIANA HRISTOVA is entitled to recover from Defendants: (1) back pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

# COUNT V

## DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (SUPERVISOR LIABILITY)

63. Plaintiffs reallege and reaver Paragraphs 1 through 62 of this Complaint as fully set forth herein.

64. Under, New York City Administrative Code Title 8-107(13)(b), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

65. Defendants violated the section cited herein as set forth. Defendants' managers are supervisors in a managerial capacity. They discriminated against Plaintiff HRISTOVA based on her disability and willfully refused to go through the process of considering reasonable accommodations for Plaintiff.

66. At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of her disability and failed to provide her with reasonable accommodations.

67. Defendants willfully violated the New York City Human Rights Law, as amended.

68. Due to Defendants' violation of New York City Human Rights Law, as amended, on the basis of Defendants' discriminatory practices, Plaintiff HRISTOVA is entitled to recover from Defendants: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, New York State Human Rights Law and New York City Human Rights Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of compensation representing tips illegally retained under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to the New York Labor Law;

g. An award of compensatory and punitive damages as a result of Defendants' failure to provide reasonable accommodations for a disability;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 23, 2017

                                Respectfully submitted,

                                LEE LITIGATION GROUP, PLLC
                                C.K. Lee (CL 4086)
                                Anne Seelig (AS 3976)
                                30 East 39th Street, Second Floor
                                New York, NY 10016
                                Tel.: 212-465-1188
                                Fax: 212-465-1181
                                *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

                        By:   /s/ *C. K. Lee*
                                C.K. Lee, Esq. (CL 4086)